

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-15-00033-CR

CECIL R. MCDONALD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2000-434,614, Honorable Bradley S. Underwood, Presiding

January 16, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Cecil R. McDonald, has filed in this Court his "Notice of Appeal and Docket Statement" in which he again attempts to mount a *pro se* appeal from his conviction for murder in trial court cause number 2000-434,614. In his notice of appeal, he re-urges his contentions that both his trial counsel and appellate counsel were ineffective for a variety of reasons and that the trial court erred in a variety of ways. Having reviewed our own records, we see that a direct appeal from his conviction in trial court cause number 2000-434,614 was disposed of on its merits by this Court by our

opinion of August 29, 2007, in which we affirmed his conviction. *See McDonald v. State*, No. 07-06-00276-CR, 2007 Tex. App. LEXIS 7139 (Tex. App.—Amarillo Aug. 29, 2007, pet. ref'd) (mem. op., not designated for publication).[1]   Nonetheless, McDonald has continued to attempt to perfect another appeal from his conviction, this being, at least, his sixth attempt to gain from this Court further review of his conviction. We have rejected his several attempts, as has the Texas Court of Criminal Appeals and the United States Supreme Court.[2] We will again dismiss his purported appeal.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. *See* TEX. R. APP. P. 26.2(a). Because appellant's attempt to file this subsequent notice of appeal from the trial court's judgment of conviction in trial court cause number 2000-434,614 is well beyond the applicable deadline, we are without jurisdiction to entertain this appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc). Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss

---

[1] Because McDonald's first notice of appeal, *sub nom*, from his 2001 conviction was untimely, we had to dismiss his original appeal on that basis. *See Trimble v. State*, No. 07-02-00101-CR, 2002 Tex. App. LEXIS 1656 (Tex. App.—Amarillo March 4, 2002, no pet.) (per curiam). The Texas Court of Criminal Appeals granted McDonald an out-of-time appeal. *See Ex parte McDonald*, No. AP-75,435, 2006 Tex. Crim. App. Unpub. LEXIS 723 (Tex. Crim. App. June 14, 2006) (per curiam) (not designated for publication).

[2] This Court, the Texas Court of Criminal Appeals, and the United States Supreme Court have previously denied relief to appellant on more than one occasion. Most recently, we disposed of his attempt to appeal in *McDonald v. State*, No. 07-14-00194-CR, 2014 Tex. App. LEXIS 6088 (Tex. App.—Amarillo June 7, 2014, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals again refused his petition for discretionary review. *See In re McDonald*, PD-0780-14, 2014 Tex. Crim. App. LEXIS 1648 (Tex. Crim. App. Aug. 27, 2014). Further, the United States Supreme Court again denied writ of certiorari. *See McDonald v. Texas*, 135 S. Ct. 453, 190 L. Ed. 2d 342, 2014 U.S. LEXIS 7328 (U.S. Nov. 3, 2014).

the appeal.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 523.

Accordingly and consistent with our several previous conclusions on this matter, we conclude that we lack jurisdiction over this cause and dismiss this appeal for want of jurisdiction.  *See Slaton*, 981 S.W.2d at 210.

Mackey K. Hancock
Justice

Do not publish.